UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY DIMATTEO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 16-7365 (MAS)

**MEMORANDUM AND ORDER**

*Pro se* Petitioner Anthony DiMatteo, a prisoner confined at the Federal Correctional Institution, Elkton, in Lisbon, Ohio, seeks to file a motion to vacate, set aside, or correction sentence pursuant to 28 U.S.C. § 2255 ("Motion"). At this time, the Court must screen the Motion for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The only claim raised in the Motion is a demand for resentencing based on a recent amendment to the United States Sentencing Guidelines § 3B1.2. (*See* Pl.'s Am. Mot. 15, ECF No. 3.) The amendment is known as Amendment 794, and was issued on November 1, 2015. *See Germany v. United States*, No. 16-3704, 2016 WL 6780213, at *1 (D. Md. Nov. 16, 2016). Petitioner argues that he is entitled to a sentence reduction under the amended § 3B1.2. (*See* Pl.'s Mot. 2, ECF No. 1.) While courts in this circuit have not had the occasion to address this issue, courts around the country have uniformly held that Amendment 794 is not retroactive to cases on collateral review. *See, e.g., Koelblin v. United States*, No. 16-1996, 2016 WL 7012302, at *2 (N.D. Ohio Dec. 1, 2016); *Germany*, 2016 WL 6780213, at *1; *United States v. Lewis*, No. 16-2939, 2016 WL 6601644, at *3 (D. Minn. Nov. 7, 2016); *United States v. Song*, No. 16-0392, 2016 WL 6537979, at *2-3 (S.D. Miss. Nov. 3, 2016); *Perez-Rodriguez v. United States*, No. 16-2341,

1

2016 WL 5875027, at *3 (N.D. Tex. Aug. 16, 2016). Petitioner relies on *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) for the proposition that Amendment 794 is retroactive, but that court only found Amendment 794 retroactive on direct appeals, not on collateral reviews. *Id.* at 523. Accordingly, because Amendment 794 is not retroactive on collateral review, Petitioner has not raised a cognizable claim in the Motion, and the Motion is dismissed for failure to state a claim upon which relief may be granted. *See Cox v. Horn*, 757 F.3d 113, 124 (3d Cir. 2014) ("A post-judgment change in the law [even] on constitutional grounds is not, perforce, a reason to reopen a final judgment.").

Lastly, the Court denies a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, no certificate of appealability shall issue.

IT IS on this ___6th___ day of ___December___, 2016,

**ORDERED** that the motion to vacate, set aside, or correction sentence is hereby **DISMISSED WITH PREJUDICE**; it is further

**ORDERED** that a certificate of appealability is hereby **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular mail, and shall **CLOSE** the file.

/s/ Michael A. Shipp

Michael A. Shipp
United States District Judge